IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:19-cr-334-6 (LMB) |
| ) | |
| TAO LIU, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is pro se defendant Tao Liu's ("Liu" or "defendant") Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) ("Motion") [Dkt. No. 470], requesting a reduction in his 84-month sentence because of various medical conditions; the Second Chance Act, 34 U.S.C. § 60541; the First Step Act, Pub. L. No. 115-391, 124 Stat. 5194 (2018); Amendment 821 to the United States Sentencing Guidelines; and his conduct while incarcerated. The Government opposes the Motion, arguing that defendant "has failed to show extraordinary and compelling reasons warranting a sentence reduction." [Dkt. No. 477]. For the reasons that follow, defendant's Motion will be denied.[1]

On April 14, 2021, Liu pleaded guilty to crimes he committed while a member of an international money laundering organization. As a result, he was convicted of one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and one count of

---

[1] Within his Motion, defendant requests the appointment of counsel "to help with filing/amending proper motion/supplement and to help with translation in English." [Dkt. No 470] at 6. Defendants do not have a general right to the appointment of counsel for post-conviction proceedings after a conviction and sentence have become final. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Although in some "exceptional circumstances," including when a case is particularly complex or a litigant is unable to represent himself adequately, the Court may appoint counsel, see Dire v. United States, 990 F. Supp. 2d 583, 586 (E.D. Va. 2013), because the Motion is not complex and defendant has competently laid out the bases for the requested sentence reduction, the Court will deny defendant's request for the appointment of counsel.

bribery of a public official in violation of 18 U.S.C. § 201(b)(1). See [Dkt. No. 240]. On August 3, 2021, the Court sentenced Liu to 84 months' incarceration, with credit for time served; three years of supervised release; and a $200 special assessment.[2] [Dkt. No. 345].

Having exhausted his administrative remedies, Liu has now moved for a reduction in his sentence on grounds that 1) he has "long term debilitating physical pain/suffering from prolonged inadequately treated" medical conditions; 2) under the Second Chance Act and the First Step Act, he "has completed 75% of his sentence"; 3) he qualifies for a reduction under Amendment 821 because "he is a first time offender with zero-point status; 4) and he has engaged in rehabilitative courses while in prison. [Dkt. No. 470] at 5. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court is authorized to reduce a defendant's term of imprisonment upon finding that "extraordinary and compelling reasons warrant such a reduction." Even if a defendant establishes an extraordinary and compelling reason for a sentence reduction, a court may only modify a sentence "after considering the factors set forth in section 3553(a)." Id.

As to his medical conditions, defendant, who is only 48 years old, claims that he is entitled to relief because he suffers from hypertension, high cholesterol, pre-diabetic status, and colon and kidney stone illnesses. [Dkt. No. 470] at 5. It is questionable whether any of these medical conditions would qualify as an extraordinary and compelling reason for a sentence reduction, see U.S.S.G. § 1B1.13 cmt. n.1(A); however, Liu's medical circumstances are not considered "serious physical or mental condition[s]" because these conditions can be managed in prison, as evinced by the fact that they are routinely monitored by prison medical staff and treated with medication. [Dkt. No. 477] at 6-7; see United States v. Hargrave, 2022 WL 837725,

---

[2] Defendant is scheduled to be released from the custody of the Bureau of Prisons on October 6, 2025. See Federal Bureau of Prisons, Find an Inmate—Tao Liu, https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2024).

at *2 (E.D. Va. March 21, 2022) (stating that "it is generally true that 'chronic conditions that can be managed in prison are not a sufficient basis for compassionate release'") (quoting United States v. Ayon-Nunez, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020)).

Defendant next argues that the Second Chance Act, 34 U.S.C. § 60541, entitles him to a sentence reduction of 18 months. [Dkt. No. 470] at 5. The Second Chance Act requires the Attorney General to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing [them] on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). In executing the program, the Second Chance Act provides that "the Attorney General may release some or all eligible elderly offenders . . . upon written request from either the Bureau of Prisons or an eligible elderly offender." Id. at § 60541(g)(1)(B). Defendant is not entitled to relief under this statute because he is "not less than 60 years of age," id. at § 60541(g)(5)(A), and because the Second Chance Act does not authorize a federal court to order the Bureau of Prisons to release a prisoner—the Act only states the Attorney General "may" release eligible elderly offenders. Indeed, the Second Chance Act "has no provision for judicial review" of the Bureau of Prisons' or Attorney General's decisions regarding a request for release, and as such, "the proper process for" an inmate "to seek relief [is] to file a request with the Warden," which reflects "the extent of the relief [the inmate] could seek under the Second Chance Act." United States v. Calderon, 801 Fed. App'x 730, 731-32 (11th Cir. 2020).

Defendant's claim for a twelve-month reduction in sentence under the First Step Act fares no better. [Dkt. No. 470] at 5. Under the First Step Act, Pub. L. No. 115-391, 124 Stat. 5194 (2018), a defendant is eligible for a sentence reduction if, among other criteria, he was convicted of a "covered offense" committed before August 3, 2010. See United States v. Day, 474 F. Supp. 3d 790, 797 (E.D. Va. 2020). A "covered offense" under the First Step Act is "a

3

violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Pub. L. No. 115-391, 132 Stat. at 5222 (2018). Sections 2 and 3 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii). Because defendant did not commit either offense before August 3, 2010 and because his offenses did not involve crack cocaine, and as such, were not modified by the Fair Sentencing Act, defendant is ineligible for a reduction under the First Step Act. See Day, 474 F. Supp. 3d at 795.

Defendant next argues that he is entitled to a sentence reduction under both Parts A and B of Amendment 821 to the United States Sentencing Guidelines. The 2023 Criminal History Amendments to the United States Sentencing Guidelines, effective November 1, 2023, impose important changes to the advisory Guidelines. In relevant part, Part alters § 4A1.1 of the Guidelines to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. Part B provides for a decrease of two offense levels for a defendant with zero criminal history points if the offense for which he was convicted did not involve specific aggravating factors. U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines (effective Nov. 1, 2023).[3]

As an initial matter, when defendant was sentenced, he had an offense level of 30 and a criminal history category I, which resulted in an advisory guideline range of 97-120 months' incarceration. [Dkt. No. 137] at 23-24. Although defendant is ineligible for a reduction under

---

[3] Available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023. On August 24, 2023, the Sentencing Commission voted to give retroactive effect to these provisions of Amendment 821.

Part A because he did not commit the offenses for which he was convicted while under any criminal-justice sentence, see [Dkt. No. 317], he is eligible for a decrease of two offense levels under Part B because, at the time of sentencing, defendant had zero criminal history points and the offenses for which he was convicted did not involve any of the enumerated aggravating factors in § 4C1.1 of the Guidelines. With an amended offense level of 28 and criminal history category I, defendant's new guideline range is 78-97 months. See U.S.S.G. Chapter 5, Part A—Sentencing Table (2023). Because courts may not reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range," at most, defendant is eligible to receive a six-month reduction in his sentence to 78 months' incarceration.

Even though defendant is eligible for a sentence reduction under Part B, granting defendant's request would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a), which require the Court to consider, among other factors, the nature of the crime for which defendant is being sentenced and the need to avoid sentence disparities among defendants. Through his criminal conduct, defendant intentionally and directly facilitated foreign drug trafficking by helping drug trafficking organizations ("DTOs") "gather, launder, and repatriate proceeds derived from the DTOs' unlawful drug trafficking activities in the United States." [Dkt. No. 243] at 2. He further showed disrespect for the law when he attempted to bribe United States government officials to fraudulently obtain passports for himself and other co-conspirators "as part of the scheme to launder money from drug proceeds." [Dkt. No. 317] at 10. As a result, Liu received the same 60-month sentence as his co-defendants George Shao Min Yu and Xueyong Wu for engaging in money laundering and received an additional 24 months' incarceration for the bribery conviction. [Dkt. No. 345] at 1-2. Accordingly, the nature of the crimes for which he was convicted and the need to avoid sentencing disparities among the

defendants support denial of defendant's request for a sentence reduction.

Moreover, despite facing a guideline range of 97 to 121 months' imprisonment, defendant received a variant sentence of 84 months with credit for time served. [Dkt. No. 345] at 2. Defendant has served slightly over three years of that sentence. Releasing defendant when more than half of his sentence remains to be served would not reflect the seriousness of his criminal conduct, promote respect for the law, or afford adequate deterrence of criminal conduct. Although, like many prisoners, defendant has participated in educational courses and maintained employment while incarcerated, [Dkt. No. 470] at 5, these commendable factors by themselves are not exceptional and do not justify a sentence reduction in light of the § 3553(a) factors. For all these reasons, it is hereby

ORDERED that defendant's Motion for Sentence Reduction and his request for the appointment of counsel [Dkt. No. 470] be and are DENIED.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of the court within fourteen (14) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant Tao Liu, pro se.

Entered this 21st day of February, 2024.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge