IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | 1:19-cr-334-1 (LMB) |
| XIZHI LI, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is <u>pro se</u> defendant Xizhi Li's ("defendant" or "Li") Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), [Dkt. No. 481], requesting that the Court reduce his sentence under Part B of Amendment 821 to the Sentencing Guidelines because he had zero criminal history points at the time of his sentencing.[1] Although the 2023 Criminal History Amendments to the United States Sentencing Guidelines provide for a decrease of two offense levels for a defendant with zero criminal history points if the offense for which he was convicted did not involve specific aggravating factors listed in § 4C1.1 of the Guidelines, the Court may not reduce the defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2).

When he was sentenced for conspiracy to commit money laundering, Li had a criminal

---

[1] Defendant has also filed a Motion for Appointment of Counsel [Dkt. No. 482], Motion for an Order Directing the Government to Procure/Produce Medical Records [Dkt. No. 483], and Motion for an Order Directing the Government to Procure/Produce Post-Rehabilitation Documents [Dkt. No. 484] to support his Motion for Sentence Reduction. Although in some "exceptional circumstances," including when a case is particularly complex or a litigant is unable to represent himself adequately, the Court may appoint counsel, see <u>Dire v. United States</u>, 990 F. Supp. 2d 583, 586 (E.D. Va. 2013), because the Motion for Sentence Reduction is not complex and defendant has competently laid out the basis for the requested sentence reduction, the Court will deny defendant's Motion for Appointment of Counsel.

history category I and total offense level 41, which resulted in an advisory guideline range of 324-405 months' incarceration, [Dkt. No. 382]; however, defendant received a variant sentence of 180 months' incarceration, [Dkt. No. 381]. Even with Amendment 821 providing a two-level reduction to defendant's offense level, with a criminal history category I and total offense level 39, the new guideline range is 262-327 months. See U.S.S.G. Chapter 5, Part A—Sentencing Table (2023). Because defendant's 180-month sentence falls below the new guideline range, he is ineligible for any reduction. Accordingly, it is hereby

ORDERED that defendant Xizhi Li's Motion for Sentence Reduction [Dkt. No. 481] and Motion for Appointment of Counsel [Dkt. No. 482] be and are DENIED; and it is further

ORDERED that defendant Xizhi Li's Motion for an Order Directing the Government to Procure/Produce Medical Records [Dkt. No. 483] and Motion for an Order Directing the Government to Procure/Produce Post-Rehabilitation Documents [Dkt. No. 484] be and are DENIED AS MOOT.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of the court within fourteen (14) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant Xizhi Li, pro se.

Entered this 18 day of July, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

2